**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 6:26-cv-03476-MDH |
| | ) | |
| DION DIXON, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Pending before the Court is the Government's Petition to Determine the Present Mental Condition of an Imprisoned Person. (Doc. 1). This matter has been referred to the undersigned for preliminary review. For the reasons that follow, it is recommended that Dion Dixon be committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4246.

On December 8, 2025, a judgement and commitment was entered in the Northern District of Illinois after Mr. Dixon pled guilty to bank robbery. Mr. Dixon's release date was August 11, 2026. Mr. Dixon is presently incarcerated at the Mental Health Evaluation Unit at the United States Medical Center for Federal Prisoners in Springfield, Missouri ("MCFP"). (Doc. 1 at 1).

On June 12, 2026, Mr. Dixon was evaluated at the MCFP to determine if he met the criteria for civil commitment pursuant to 18 U.S.C. § 4246. (*See id.*). Attached to the Petition is the Risk Assessment Report prepared by a panel of mental health professionals ("Panel") at the MCFP dated August 1, 2026. (Doc. 1-3).

Based on Mr. Dixon' symptoms, the Panel diagnosed him with Schizoaffective Disorder, Bipolar Type Cannabis Use Disorder, Moderate, In Remission, In a Controlled Setting Antisocial Personality Disorder. (*Id.* at 22).

Symptoms observed by the Panel include hallucinations, delusions, catatonic behavior, mutism, aggression, impulsivity, and reckless disregard for the safety of self and others. (*Id.*). During the evaluation at MCFP, Mr. Dixon was agreeable to be interviewed. (*Id.* at 23). The interview was conducted cellside given recent aggressive behavior. (*Id.*). Mr. Dixon spoke in a growling, staccato, manner, reflective of disorganized, psychotic speech. (*Id.*) Mr. Dixon sometimes would not reply to questions, only staring intensely. Other times, he provided irrelevant answers. (*Id.*) Mr. Dixon acknowledged being diagnosed with schizophrenia but stated he was not mentally ill. (*Id.*). He explained, "They want me to be disabled so they can con me, because I'm not a homosexual, different teams, basketball players, tennis players. I see dead people." (*Id.*) When attempting to glean information about his family and community contacts, he asserted himself to be 16 years old with a 12-year-old son. (*Id.*). He did not answer questions about prior criminal history, supervision failures, or medication noncompliance. (*Id.*). He offered that he has "become murderous" when he stopped medication in the past. (*Id.*). The Panel observed that his acute psychosis rendered his communication to be severely disorganized. (*Id.*).

The Panel also reviewed Mr. Dixon' criminal history. (*Id.* at 3-8). His adult criminal history stretches back over twenty years and includes arrests for traffic violations, theft, possession of cannabis, burglary, criminal damage to property, possession with intent to deliver cocaine, resisting a peace officer, criminal trespass, criminal damage to property, pedestrian under the influence, aggravated battery involving a retail theft, possession of stolen vehicle involving a retail theft, aggravated battery to correctional office, and aggravated battery. (*Id.*).

The Panel concluded that Mr. Dixon meets the criteria for civil commitment pursuant to 18 U.S.C. § 4246. (*Id.* at 22). The Panel found that Mr. Dixon presently suffers from a mental disease or

defect which, should he be released, would create a substantial risk of bodily injury to another person or serious damage to the property of another. (*Id.* at 25).

On defense counsel's request, Dr. Shawna M. Baron, a licensed clinical psychologist, conducted an additional psychological examination on September 24, 2026. (Doc. 7). Dr. Baron reviewed records, interviewed Mr. Dixon, and performed a mental status examination. (*Id.* at 2-12). Dr. Baron concurred with the schizophrenia diagnoses. (*Id.* at 12). Dr. Baron concluded that Mr. Dixon is suffering from a mental disease or defect as a result of which his release would create a substantial risk of harm to himself, others, and property. (*Id.* at 12).

An evidentiary hearing was held via video teleconference on November 5, 2026. (Doc. 10). Defendant's attorney Paul Duchscherer of the Federal Public Defender's Office appeared. (Tr. at 2:9-10). The Government was represented by Syd Tippie. (*Id.* at 2:7). The Government did not offer additional evidence. (*Id.* at 3:3-5). Mr. Dixon testified that he does not believe he suffers from a mental disease or defect, is living in a locked unit, and has not had any negative write-ups in the last few months. (*Id.* at 4:6-5:4). He testified that he is taking medication voluntarily. (*Id.* at 4:9-15). Mr. Dixon testified that he would agree to take medication on his own. (*Id.* at 4:16-19).

The Panel at the MCFP and Dr. Baron agree that Mr. Dixon suffers from schizophrenia. Based on his history of violent behavior, the Court finds that there is clear and convincing evidence of a substantial risk to others or their property if Mr. Dixon were released. For the foregoing reasons, IT IS RECOMMENDED that the District Judge, after making an independent review of the record and applicable law, enter an order committing Dion Dixon to the custody of the Attorney General in accordance with the provisions of 18 U.S.C. § 4246.

Counsel are reminded that each party has fourteen (14) days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections. A failure to file and

serve objections by this date shall bar an attack on appeal of the factual findings in the Report and Recommendation which are accepted or adopted by the District Judge, except on the grounds of plain error or manifest injustice.

Dated this 10th day of November 2026, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*

Willie J. Epps, Jr.
Chief United States Magistrate Judge